**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| **RICHARD L. ANDERSON,**      * | |
|      * | |
| **Plaintiff,**      * | |
|      * | |
| **-VS-**      * | |
|      * | **CIVIL ACTION NO.:   CV213-_____** |
|      * | |
| **SENTINEL OFFENDER SERVICES,**      * | |
| **LLC,**      * | |
|      * | |
| **Defendant.**      * | |

**COMPLAINT FOR DAMAGES**

**RICHARD L. ANDERSON**, Plaintiff in the above-styled action, files this his Complaint for Damages and for compensatory and punitive damages against Defendant **SENTINEL OFFENDER SERVICES, LLC**.

## I.   INTRODUCTION

**-1-**

Plaintiff **RICHARD L. ANDERSON**, brings this action against Defendant, **SENTINEL OFFENDER SERVICES, LLC** to compensate him for damages and injuries suffered through a wrongful arrest caused by Defendant and to punish Defendant, for its wrongful acts against **RICHARD L. ANDERSON** such that it will deter Defendant from subjecting others to such wrongful and egregious conduct.

**-2-**

Mr. Anderson brings this false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress action under Georgia law.

-3-

Mr. Anderson seeks damages for violation of his rights to remain free from false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-4-

Mr. Anderson demands a trial by jury.

## II.   JURISDICTION

-5-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Four (4) herein through this specific reference

-6-

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this action arises between Mr. Anderson, a citizen of the State of Georgia, and Defendant, a Delaware corporation.

## III.   VENUE

-7-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Six (6) herein through this specific reference.

-8-

Venue properly lies before this Court pursuant to 28 U.S.C. §1391.

-9-

Defendant, a Delaware corporation, did business at all relevant times in this judicial district.

**-10-**

The incidents and injuries suffered by Mr. Anderson occurred in this judicial district.

**-11-**

At all times herein, Mr. Anderson resided in Brunswick, Glynn County, Georgia in the Brunswick Division  of the United States District Court for the Southern District of Georgia.  28 U.S.C. § 90(c)(5).

**-12-**

Defendant, a foreign corporation and a private probation supervision company,  has or has had a contract with the City of Brunswick, Georgia, to provide probation supervision to persons placed on probation by the City o Brunswick for criminal offenses.

## IV.   PARTIES

**-13-**

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Twelve (12) herein through this specific reference.

**-14-**

At all times herein, Mr. Anderson resided in Brunswick, Glynn County, Georgia which lies in the Brunswick Division of the United States District Court for the Southern District of Georgia, subject to the jurisdiction of this Court.

**-15-**

Defendant, a foreign corporation and a private probation supervision company doing business in the Brunswick Division of the United States District Court for the Southern District of Georgia remains subject to the jurisdiction of this Court.

## V.  STATEMENT OF THE FACTS

### -16-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Seventeen (17) herein through this specific reference.

### -17-

On February 11, 2011, the Brunswick Police Department arrested Mr. Anderson on a probation warrant issued on July 1, 2009 in *City of Brunswick v. Richard L. Anderson* , **Case No.: T126631**, evidenced by Attachment "1," attached and incorporated into this Complaint by counsel.

### -18-

Mr. Anderson allegedly failed to report, pay his fines, and pay his probation supervision fees, as asserted in a copy of the probation warrant attached and incorporated into this Complaint by counsel as Attachment "2."

### -19-

The probation warrant on its face showed that Mr. Anderson's probation expired on May 5, 2010. *Id*.

### -20-

A law enforcement officer further wrote on the face of the warrant that, "Warrant is not good. Expired on 05-05-10. [Signed] Sgt. A. Carter." *Id*.

### -21-

The Glynn County Detention Center  released Mr. Anderson on February 12, 2011 after learning of the nullity of the probation warrant, established by  Attachment "3," attached and incorporated into this Complaint by counsel.

-22-

After Mr. Anderson's release from the illegitimate probation warrant of July 1, 2009, Defendant contacted Mr. Anderson, demanding that Mr. Anderson report to Defendant's office, re-sign new probation documents that would illegally extend Mr. Anderson's probation.

-23-

Mr. Anderson reminded Defendant that the July 1, 2009 probation warrant had no effect and that his probation had expired.

-24-

Unrepentant, Defendant continued to insist that Mr. Anderson comply with this illicit order.

-25-

Mr. Anderson refused to obey this illegal dictate.

-26-

Neither the sentencing court nor Defendant had any authority to extend Mr. Anderson's probation beyond the original twelve (12) month sentence.

-27-

Despite knowing that it could not enforce the first probation warrant, Defendant successfully petitioned on May 4, 2011 the Brunswick Municipal Court for a second, equally illegal, probation warrant for Mr. Anderson's arrest, demonstrated by Attachment "4," attached and incorporated into this Complaint by counsel.

-28-

On August 19, 2011, the Brunswick Police Department again arrested Mr. Anderson on the second illegal probation warrant, as displayed by   Attachment "5," attached and incorporated into this Complaint by counsel.

-29-

The Glynn County Detention Center released Mr. Anderson after six (6) days of illegal incarceration pursuant to a second determination of the second probation warrant's invalidity, as exhibited by   Attachment "6," attached and incorporated into this Complaint by counsel.

-30-

When the Brunswick Police Department arrested Mr. Anderson on February 11, 2011 on the July 1, 2009 probation warrant, Mr. Anderson's probation had ended nine (9) months and six (6) days earlier.

-31-

When the Brunswick Police Department arrested Mr. Anderson for a second time on August 19, 2011 on the May 4, 2011 probation warrant, Mr. Anderson' probation had expired one (1) year, three (3) months and fourteen (14) days earlier.

-32-

Once Mr. Anderson's  sentence ended, Defendant had no power to enforce or extend the sentence beyond its ending date.

-33-

These acts by Defendants caused Mr. Anderson to suffer grievous harm from his illegal arrest, seizure, and incarceration.

## V.  CLAIMS FOR RELIEF

### -34-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Thirty (30) herein through this specific reference

### -35-

The laws of the State of Georgia protect Mr. Anderson from false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress.

## COUNT I

## FALSE ARREST

### -36-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Thirty-one (31) herein through this specific reference.

### -37-

Mr. Anderson incorporates by reference and realleges the allegations contained in Paragraphs Sixteen (16) through Thirty-three (33) herein as the basis for his claims to be free from false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

### -38-

The Brunswick Police Department took Mr. Anderson to the Glynn County Detention Center where the Glynn County Detention Center confined Mr. Anderson and later released him.

### -39-

Defendant's affidavit for Mr. Anderson's arrest did not have any probable cause.

-40-

Defendant made the affidavit with malice, personal spite, and ill will toward Mr. Anderson.

-41-

Defendant exhibited a general and total disregard of any and all of Mr. Anderson's rights without regard to the extent of any injury that Mr. Anderson might suffer by Defendant's wrongful acts.

-42-

As a result of this baseless and false affidavit, Defendant obtained a probation warrant for Mr. Anderson.

-43-

Defendant continued its prosecution of Mr. Anderson by continuing to have Mr. Anderson arrested for the unfounded probation violations.

-44-

Mr. Anderson had the probation warrants against him disposed of and successfully terminated in Mr. Anderson's favor.

-45-

As a direct and proximate result of Defendant's deprivation of Mr. Anderson's rights protected by state law, Mr. Anderson has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**.

-46-

Defendant undertook its conduct in utter disregard of Mr. Anderson's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Anderson to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT II

## MALICIOUS ARREST

-47-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Forty-six (46) herein through this specific reference.

-48-

Mr. Anderson incorporates by reference and realleges the allegations contained in Paragraphs Sixteen (16) through Thirty-three (33) herein as the basis for his claims to be free from false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-49-

The Brunswick Police Department took Mr. Anderson to the Glynn County Detention Center where the Glynn County Detention Center confined Mr. Anderson and later released him.

-50-

Defendant's affidavit for Mr. Anderson's arrest did not have any probable cause.

-51-

Defendant made the affidavit with malice, personal spite, and ill will toward Mr. Anderson.

-52-

Defendant exhibited a general and total disregard of any and all of Mr. Anderson's rights without regard to the extent of any injury that Mr. Anderson might suffer by Defendant's wrongful acts.

-53-

As a result of this baseless and false affidavit, Defendant obtained a probation warrant for Mr. Anderson.

-54-

Defendant continued its prosecution of Mr. Anderson by continuing to have Mr. Anderson arrested for the unfounded probation violations.

-55-

Mr. Anderson had the probation warrants against him disposed of and successfully terminated in Mr. Anderson's favor.

-56-

As a direct and proximate result of Defendant's deprivation of Mr. Anderson's rights protected by state law,  Mr. Anderson has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**.

-57-

Defendant undertook its conduct in utter disregard of Mr. Anderson's rights and constituted an entire want of care which raises the  presumption of the  conscious indifference to the

consequences so as to entitle Mr. Anderson to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT III

## MALICIOUS PROSECUTION

### -58-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Forty-eight (48) herein through this specific reference.

### -59-

Mr. Anderson incorporates by reference and realleges the allegations contained in Paragraphs Sixteen (16) through Thirty-three (33) herein as the basis for his claims to be free from false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

### -60-

The Brunswick Police Department took Mr. Anderson to the Glynn County Detention Center where the Glynn County Detention Center confined Mr. Anderson and later released him.

### -61-

Defendant's affidavit for Mr. Anderson's arrest did not have any probable cause.

### -62-

Defendant made the affidavit with malice, personal spite, and ill will toward Mr. Anderson.

### -63-

Defendant exhibited a general and total disregard of any and all of Mr. Anderson's rights without regard to the extent of any injury that Mr. Anderson might suffer by Defendant's wrongful acts.

-64-

As a result of this affidavit, the Brunswick Municipal Court issued a probation warrant for Mr. Anderson.

-65-

Defendants instituted a prosecution of Ms. Davis by making an affidavit that led to the issuing of a probation warrant.

-66-

As a result of this baseless and false affidavit, Defendant obtained a probation warrant for Mr. Anderson.

-67-

Defendant continued its prosecution of Mr. Anderson by continuing to have Mr. Anderson arrested for the unfounded probation violations.

-68-

Mr. Anderson had the probation warrants against him disposed of and successfully terminated in Mr. Anderson's favor.

-69-

As a direct and proximate result of Defendant's deprivation of Mr. Anderson's rights protected by state law, Mr. Anderson has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**.

-70-

Defendant undertook its conduct in utter disregard of Mr. Anderson's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Anderson to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT IV

## THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

-71-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Seventy (70) herein through this specific reference.

-72-

Mr. Anderson incorporates by reference and realleges the allegations contained in Paragraphs Sixteen (16) through Thirty-three (33) herein as the basis for his claims to be free from false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-73-

The Brunswick Police Department took Mr. Anderson to the Glynn County Detention Center where the Glynn County Detention Center confined Mr. Anderson and later released him.

-74-

Defendant's affidavit for Mr. Anderson's arrest did not have any probable cause.

-75-

Defendant made the affidavit with malice, personal spite, and ill will toward Mr. Anderson.

-76-

Defendant exhibited a general and total disregard of any and all of Mr. Anderson's rights without regard to the extent of any injury that Mr. Anderson might suffer by Defendant's wrongful acts.

-77-

As a result of this affidavit, the Brunswick Municipal Court issued a probation warrant for Mr. Anderson.

-78-

Defendants instituted a prosecution of Ms. Davis by making an affidavit that led to the issuing of a probation warrant.

-77-

As a result of this baseless and false affidavit, Defendant obtained a probation warrant for Mr. Anderson.

-79-

Defendant continued its prosecution of Mr. Anderson by continuing to have Mr. Anderson arrested for the unfounded probation violations.

-80-

Mr. Anderson had the probation warrants against him disposed of and successfully terminated in Mr. Anderson's favor.

-81-

Defendants acted recklessly in intentionally having Mr. Anderson arrested when they knew that they had no evidence of a probation violation.

-82-

This false allegation was outrageous and extreme in that Defendants knew that they had no evidence of any probation violation and yet persisted in pressing its accusations against Mr. Anderson.

-83-

Mr. Anderson suffered emotional distress from the actions of Defendants including their causing Mr. Anderson's arrest when he had done nothing wrong and Defendants had no evidence of his wrong doing, Mr. Anderson's transportation to jail, and Mr. Anderson's subsequent incarceration.

-84-

The intentionally inflicted emotional distress to which Defendants subjected Mr. Anderson, caused him to suffer great physical pain, mental anguish, public scandal, infamy, disgrace, and great humiliation.

-85-

As a direct and proximate result of Defendant's deprivation of Mr. Anderson's rights protected by state law, Mr. Anderson has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**.

-86-

Defendant's conduct was undertaken in utter disregard of Mr. Anderson's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the

consequences so as to entitle Mr. Anderson to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT V

## FALSE IMPRISONMENT

### -87-

Mr. Anderson incorporates by reference and realleges Paragraphs One (1) through Eighty-six (86) herein through this specific reference.

### -88-

Mr. Anderson incorporates by reference and realleges the allegations contained in Paragraphs Sixteen (16) through Thirty-three (33) herein as the basis for his claims to be free from false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

### -89-

The Brunswick Police Department took Mr. Anderson to the Glynn County Detention Center where the Glynn County Detention Center confined Mr. Anderson and later released him.

### -90-

Defendant's affidavit for Mr. Anderson's arrest did not have any probable cause.

### -91-

Defendant made the affidavit with malice, personal spite, and ill will toward Mr. Anderson.

-92-

Defendant exhibited a general and total disregard of any and all of Mr. Anderson's rights without regard to the extent of any injury that Mr. Anderson might suffer by Defendant's wrongful acts.

-93-

As a result of this affidavit, the Brunswick Municipal Court issued a probation warrant for Mr. Anderson.

-94-

Defendants instituted a prosecution of Ms. Davis by making an affidavit that led to the issuing of a probation warrant.

-95-

As a result of this baseless and false affidavit, Defendant obtained a probation warrant for Mr. Anderson.

-96-

Defendant continued its prosecution of Mr. Anderson by continuing to have Mr. Anderson arrested for the unfounded probation violations.

-97-

Mr. Anderson had the probation warrants against him disposed of and successfully terminated in Mr. Anderson's favor.

-98-

Defendant's above actions caused Mr. Anderson's unlawful detention for a length of time, that deprived Mr. Anderson of his personal liberty.

-99-

As a direct and proximate result of Defendant's deprivation of Mr. Anderson's rights protected by state law, Mr. Anderson has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)**.

-100-

Defendant's conduct was undertaken in utter disregard of Mr. Anderson's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Anderson to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## VI. RELIEF REQUESTED

**RICHARD L. ANDERSON,** Plaintiff in the above-styled action, requests the judgment of this Court against Defendants as follows:

1) Find and hold under Count I that Defendant has deprived Mr. Anderson of his right to freedom from false arrest;

2) Find and hold under Count II that Defendant has deprived Mr. Anderson of his right to freedom from malicious arrest;

3) Find and hold under Count III that Defendant has deprived Mr. Anderson of his right to freedom from malicious prosecution;

4) Find and hold under Count IV that Defendant has deprived Mr. Anderson of his right to freedom from the intentional infliction of mental distress;

5)   Find and hold under Count V the Defendant has deprived Mr. Anderson of his right to freedom from false imprisonment;

6)   Order that Mr. Anderson be awarded compensatory damages under Count I in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

7)   Order that Mr. Anderson be awarded punitive damages under Count I in an amount to be determined by the jury;

8)   Order that Mr. Anderson be awarded compensatory damages under Count II in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

9)   Order that Mr. Anderson be awarded punitive damages under Count II in an amount to be determined by the jury;

10)  Order that Mr. Anderson be awarded compensatory damages under Count III in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

11)  Order that Mr. Anderson be awarded punitive damages under Count III in an amount to be determined by the jury;

12)  Order that Mr. Anderson be awarded compensatory damages under Count IV in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

13)  Order that Mr. Anderson be awarded punitive damages Count IV in an amount to be determined by the jury;

14)  Order that Mr. Anderson be awarded compensatory damages under Count V in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

15)  Order that Mr. Anderson be awarded punitive damages under Count V in an amount to be determined by the jury;

16) Order that Mr. Anderson be awarded attorney fees, including litigation expenses, and the costs of this action under federal law; and

17) Grant such other and further relief and is just and proper under the circumstances of this case.

**RICHARD L. ANDERSON DEMANDS A TRIAL BY JURY**

Respectfully submitted this 6th day of February, 2013,

/s/James A. Yancey, Jr.

JAMES A. YANCEY, JR.
Attorney for Richard L. Anderson
Georgia State Bar No.: 779725
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayancey@bellsouth.net
C:\WPDOCS\CIVILRIGHTS\M-Z\POLICE MISCONDUCT\A-L\2011\ANDERSON-R.CVR\—Z\
PLEADINGS\ANDERSON\COMPLAINT