IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD L. ANDERSON,      )
                                )
      Plaintiff,         )
                                )  CIVIL ACTION FILE
vs.                           )  NO: 2:13-CV-00022-LGW-JEG
                                )
SENTINEL OFFENDER      )
SERVICES, LLC,           )
                                )
      Defendant.       )
                                )

## <u>ANSWER AND DEFENSES OF SENTINEL OFFENDER SERVICES, LLC</u>

**COMES NOW SENTINEL OFFENDER SERVICES, LLC**, Defendant in the above-styled civil action, and hereby files this its Answer to Plaintiff's Complaint for Damages, showing this Court the following:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

Defendant breached no duties owed, if any, to Plaintiff.

### <u>THIRD AFFIRMATIVE DEFENSE</u>

The injuries and damages alleged in Plaintiff's Complaint may have been proximately caused by the acts or omissions of Plaintiff, or some

person/entity other than Defendant. Therefore, Plaintiff may not recover against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover from Defendant in any sum whatsoever because Plaintiff's damages, if any, were not proximately caused by an act or omission on the part of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of comparative negligence, assumption of the risk and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted reasonably, legally, and in good faith in its handling of Plaintiff's probation. Plaintiff's claims for false arrest, malicious arrest, false imprisonment, malicious prosecution, intentional infliction of mental distress and punitive damages are unwarranted, and unsupported by any construction of the law to the facts of this case. Accordingly, Plaintiff's claims against Defendant should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the Due Process and Equal Protection clauses of the United State Constitution and the Georgia

Constitution. Therefore, Plaintiff's claims against Defendant should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

Any attorney's fees, costs and expenses Plaintiff seeks in this action are not recoverable under federal law.

## NINTH AFFIRMATIVE DEFENSE

In response to each of the individually numbered paragraphs contained in Plaintiff's Complaint, Defendant states the following:

## I.    INTRODUCTION

1.

Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint. Defendant specifically denies any liability to Plaintiff under any theory.

2.

Responding to Paragraph 2 of Plaintiff's Complaint, Defendant admits Plaintiff brings the action as described herein, but denies Plaintiff's entitlement to do so against this Defendant and denies he has any right to recovery.

3.

Responding to Paragraph 3 of Plaintiff's Complaint, Defendant admits Plaintiff seeks damages as described herein, but denies Plaintiff is entitled to recover any damages against this Defendant.

4.

Paragraph 4 does not call for a responsive pleading from Defendant, but Defendant prays for a jury as well.

## II.   JURISDICTION

5.

Defendant restates and incorporates by reference its responses to Paragraphs one through four of the Complaint, as if fully set forth herein.

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## III.   VENUE

7.

Defendant restates and incorporates by reference its responses to Paragraphs one through six of the Complaint, as if fully set forth herein.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits it is a Delaware corporation which did business within the Brunswick Division of the United States District Court for the Southern District of Georgia on the relevant dates specifically referenced in Plaintiff's Complaint. Defendant denies, as pled, the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and can neither admit or deny same. Defendant denies it caused any incidents or injury.

11.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and can neither admit or deny same.

12.

Responding to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant is a Delaware corporation that contracted with the City of Brunswick to provide specified probation services for misdemeanor probationers on the relevant dates specifically referenced in Plaintiff's

Complaint. Defendant denies, as pled, the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

## IV.   PARTIES

### 13.

Defendant restates and incorporates by reference its responses to Paragraphs one through twelve of the Complaint, as if fully set forth herein.

### 14.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and can neither admit or deny same.

### 15.

Responding to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits it is a Delaware corporation which contracted to provide specified probation services within the Brunswick Division of the United States District Court for the Southern District of Georgia on the dates specifically referenced in Plaintiff's Complaint, and therefore, subject to the jurisdiction of this Court.

## V.    STATEMENT OF THE FACTS

### 16.

Defendant restates and incorporates by reference its responses to Paragraphs one through seventeen [sic] of the Complaint, as if fully set forth herein.

### 17.

Responding to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits Plaintiff's Complaint contains an "Attachment '1'". Pleading further, Defendant states Attachment "1" speaks for itself, but denies any liability to Plaintiff under any theory. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint, and can neither admit or deny same.

### 18.

Responding to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits Plaintiff's Complaint contains an "Attachment '2'". Pleading further, Defendant states Attachment "2" speaks for itself, but denies any liability to Plaintiff under any theory. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint, and can neither admit or deny same.

19.

Responding to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Defendant states Attachment "2" speaks for itself, but denies any liability to Plaintiff under any theory. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint, and can neither admit or deny same. Defendant denies that Plaintiff's probation expired on May 5, 2010.

20.

Responding to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendant states Attachment "2" speaks for itself, but denies any liability to Plaintiff under any theory. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint, and can neither admit or deny same. Defendant denies that Plaintiff's probation expired on May 5, 2010.

21.

Responding to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant admits Plaintiff's Complaint contains an "Attachment '3'". Pleading further, Defendant states Attachment "3" speaks for itself, but denies any liability to Plaintiff under any theory. Defendant is without

sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint, and can neither admit or deny same. Defendant denies that Plaintiff's probation expired on May 5, 2010.

22.

Defendant denies, as pled, the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies, as pled, the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint to the extent it improperly calls for a legal conclusion and invades the province of the jury. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint, and can neither admit or deny same. Defendant denies that Plaintiff complied with the requirements of his probation.

26.

Defendant objects to Paragraph 26 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant objects to Paragraph 27 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. Responding to the allegations contained in Paragraph 27 of Plaintiff's Complaint, Defendant admits Plaintiff's Complaint contains an "Attachment '4'". Pleading further, Defendant states Attachment "4" speaks for itself, but denies any liability to Plaintiff under any theory. Defendant denies, as pled, the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant objects to Paragraph 28 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. Responding to the allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendant admits Plaintiff's Complaint contains an "Attachment '5'". Pleading further, Defendant states Attachment "5" speaks for itself, but denies any liability to Plaintiff under any theory. Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations contained in Paragraph 28 of Plaintiff's Complaint, and can neither admit or deny same.

29.

Defendant objects to Paragraph 29 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. Responding to the allegations contained in Paragraph 29 of Plaintiff's Complaint, Defendant admits Plaintiff's Complaint contains an "Attachment '6'". Pleading further, Defendant states Attachment "6" speaks for itself, but denies any liability to Plaintiff under any theory. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint, and can neither admit or deny same. Defendant denies that Plaintiff's probation expired on May 5, 2010.

30.

Defendant objects to Paragraph 30 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. As such, Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant objects to Paragraph 31 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury.

As such, Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant objects to Paragraph 32 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. As such, Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## V. [sic]    ALLEGED CLAIMS FOR RELIEF

34.

Defendant restates and incorporates by reference its responses to Paragraphs one through thirty-three of the Complaint, as if fully set forth herein.

35.

Defendant objects to Paragraph 35 of Plaintiff's Complaint to the extent it calls for a legal conclusion and does not accurately state the law, which speaks for itself. Defendant denies any allegations contained in Paragraph 35 of Plaintiff's Complaint as to this defendant.

## COUNT I

## ALLEGATIONS OF FALSE ARREST

### 36.

Defendant restates and incorporates by reference its responses to Paragraphs one through thirty-five of the Complaint, as if fully set forth herein.

### 37.

Defendant restates and incorporates by reference its responses to Paragraphs sixteen through thirty-three of the Complaint, as if fully set forth herein.

### 38.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint, and can neither admit or deny same.

### 39.

Defendant objects to Paragraph 39 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. As such, Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Responding to the allegations contained in Paragraph 42 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Responding to the allegations contained in Paragraph 43 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint, and can neither admit or deny same.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

**COUNT II**

**ALLEGATIONS OF MALICIOUS ARREST**

47.

Defendant restates and incorporates by reference its responses to Paragraphs one through forty-six of the Complaint, as if fully set forth herein.

48.

Defendant restates and incorporates by reference its responses to Paragraphs sixteen through thirty-three of the Complaint, as if fully set forth herein.

49.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint, and can neither admit or deny same.

50.

Defendant objects to Paragraph 50 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. As such, Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

53.

Responding to the allegations contained in Paragraph 53 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Responding to the allegations contained in Paragraph 54 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint, and can neither admit or deny same.

56.

Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

57.

Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

**COUNT III**

**ALLEGATIONS OF MALICIOUS PROSECUTION**

58.

Defendant restates and incorporates by reference its responses to Paragraphs one through fifty-seven of the Complaint, as if fully set forth herein.

59.

Defendant restates and incorporates by reference its responses to Paragraphs sixteen through thirty-three of the Complaint, as if fully set forth herein.

60.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, and can neither admit or deny same.

61.

Defendant objects to Paragraph 61 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. As such, Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

64.

Responding to the allegations contained in Paragraph 64 of Plaintiff's Complaint, Defendant admits valid arrest warrants were issued for Mr. Anderson by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant is without

sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of Plaintiff's Complaint, and can neither admit or deny same.

65.

Responding to the allegations contained in Paragraph 65 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Responding to the allegations contained in Paragraph 66 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Responding to the allegations contained in Paragraph 67 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009

and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint, and can neither admit or deny same.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

**COUNT IV**

**ALLEGATIONS OF THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

71.

Defendant restates and incorporates by reference its responses to Paragraphs one through seventy of the Complaint, as if fully set forth herein.

72.

Defendant restates and incorporates by reference its responses to Paragraphs sixteen through thirty-three of the Complaint, as if fully set forth herein.

73.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint, and can neither admit or deny same.

74.

Defendant objects to Paragraph 74 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury. As such, Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

77.

Responding to the allegations contained in Paragraph 77 of Plaintiff's Complaint, Defendant admits valid arrest warrants were issued for Mr. Anderson by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of Plaintiff's Complaint, and can neither admit or deny same.

78.

Responding to the allegations contained in Paragraph 78 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 78 of Plaintiff's Complaint.

77 [sic].

Responding to the allegations contained in incorrectly numbered Paragraph 77 [sic] of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the

laws of the State of Georgia. Defendant denies the remaining allegations contained in incorrectly numbered Paragraph 77 [sic] of Plaintiff's Complaint.

79.

Responding to the allegations contained in Paragraph 79 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's Complaint, and can neither admit or deny same.

81.

Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

82.

Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

83.

Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint to the extent it improperly calls for a legal conclusion and invades the province of the jury. Defendant denies liability to Plaintiff under any theory. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of Plaintiff's Complaint, and can neither admit or deny same.

84.

Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint to the extent it improperly calls for a legal conclusion and invades the province of the jury. Defendant denies liability to Plaintiff under any theory. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of Plaintiff's Complaint, and can neither admit or deny same.

85.

Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.  Defendant denies liability to Plaintiff under any theory.

## COUNT V

## ALLEGATIONS OF FALSE IMPRISONMENT

87.

Defendant restates and incorporates by reference its responses to Paragraphs one through eighty-six of the Complaint, as if fully set forth herein.

88.

Defendant restates and incorporates by reference its responses to Paragraphs sixteen through thirty-three of the Complaint, as if fully set forth herein.

89.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's Complaint, and can neither admit or deny same.

90.

Defendant objects to Paragraph 90 of Plaintiff's Complaint as it improperly calls for a legal conclusion and invades the province of the jury.

As such, Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

93.

Responding to the allegations contained in Paragraph 93 of Plaintiff's Complaint, Defendant admits valid arrest warrants were issued for Mr. Anderson by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 93 of Plaintiff's Complaint, and can neither admit or deny same.

94.

Responding to the allegations contained in Paragraph 94 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009

27

and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint.

95.

Responding to the allegations contained in Paragraph 95 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

Responding to the allegations contained in Paragraph 96 of Plaintiff's Complaint, Defendant admits it prepared valid arrest warrants for Mr. Anderson, which were issued by Brunswick Municipal Court on July 8, 2009 and May 4, 2011, respectively, under the laws of the State of Georgia. Defendant denies the remaining allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Complaint, and can neither admit or deny same.

98.

Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

99.

Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

100.

Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint. Defendant denies liability to Plaintiff under any theory.

Defendant denies each and every prayer for relief contained in the "VI. RELIEF REQUESTED" section of Plaintiff's Complaint, including subsections (1)-(17).

Defendant expressly denies all other allegations, contingents, claims and prayers for relief not specifically responded to above.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant SENTINEL OFFENDER SERVICES, LLC prays for the following:

(1)     That Defendant SENTINEL OFFENDER SERVICES, LLC be

discharged without liability, and all costs be taxed against the

Plaintiff;

(2)     That a trial by a jury be had; and

(3)     That such other and further relief the Court deems just and proper be

granted.

This 14th day of March, 2013.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

/s/ Frederick Owen Ferrand
Frederick Owen Ferrand
Georgia State Bar No. 259169
Counsel for Defendant Sentinel Offender
Services, LLC

Suite 300, The Peachtree
1355 Peachtree Street, NE
Atlanta, Georgia   30309-3231
404.874.8800
404.888.6199 (fax)

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Answer with the Clerk of Court using the CM-ECF System, which will automatically send e-mail notification of such filing to the following attorney of record:

James A. Yancey, Jr., Esq.
704 G. Street
Brunswick, Georgia 31520-6749

This 14th day of March, 2013.

SWIFT, CURRIE, McGHEE & HIERS, LLP

/s/ Frederick Owen Ferrand
Frederick Owen Ferrand
Georgia State Bar No. 259169
Counsel for Defendant Sentinel Offender
Services, LLC

Suite 300, The Peachtree
1355 Peachtree Street, NE
Atlanta, Georgia 30309-3231
404.874.8800
404.888.6199 (fax)

2581391v.1