# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

RICHARD L. ANDERSON,

    Plaintiff,

v.

SENTINEL OFFENDER SERVICES, LLC,

    Defendant.

CV 213-22

## ORDER

**CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, PURSUANT TO ARTICLE VI, SECTION VI, PARAGRAPH IV OF THE GEORGIA CONSTITUTION, TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES.**

This case involves questions of Georgia law that are determinative of the case but unanswered by controlling precedent of the Supreme Court of Georgia. The Court therefore certifies the questions for resolution by the highest court of Georgia. See 1983 Ga. Const., Art. VI, Sec. VI, Par. IV; Ga. Code Ann. § 15-2-9; Ga. Sup. Ct. R. 46.

1

## I. SUMMARY

Plaintiff Richard Anderson allegedly evaded the various fees, reporting requirements, and other conditions of his one-year misdemeanor probation sentence for the better part of the year. Defendant Sentinel Offender Services, a private entity who supervised Plaintiff's probation under a contract with the court that sentenced Plaintiff, sought a warrant for Plaintiff's arrest which purportedly tolled Plaintiff's probation. However, Plaintiff was not arrested on that warrant until well after his probation sentence was scheduled to terminate. After Plaintiff was arrested and subsequently released on the first warrant, he again failed to adhere to the terms of his probation and, again, Defendant sought a warrant for his arrest. Plaintiff was eventually arrested on the second warrant, and his probation was simultaneously revoked and terminated by the supervising court.

Plaintiff brings several causes of action stemming from these two arrests, arguing that Georgia's State-wide Probation Act does not permit tolling of misdemeanor probation sentences and, thus, Defendant lacked probable cause to swear out the two arrest warrants. Because the parties had pitched the question of whether Georgia statutory law allows for tolling of probated misdemeanor sentences as a dispositive question in this case, the Court stayed the proceedings while the Georgia Supreme Court considered that question in Sentinel Offender Services, LLC v.

2

Glover, 766 S.E.2d 456 (Ga. 2014). The Georgia Supreme Court concluded in Glover that Georgia's statutory law does not itself allow for misdemeanor tolling—but Georgia common law might. The Georgia Supreme Court did not address whether Georgia common law allows for tolling of probated misdemeanor sentences.

Presently before the Court is Defendant's Motion for Summary Judgment. Dkt. no. 18. However, neither the Georgia Supreme Court nor the Georgia Court of Appeals have had the opportunity to address whether Georgia common law in fact allows for tolling of probated misdemeanor sentences. This case, therefore, hinges on an issue of Georgia law for which no clear, controlling precedent exists. For this reason, the Defendant's motion for summary judgment is **STAYED** and the questions below are **CERTIFIED TO THE SUPREME COURT OF GEORGIA.**

## II. BACKGROUND

This action is predicated upon the alleged unlawful arrest and prosecution of an individual arising out of his sentence of probation. See Dkt. no. 1. The following factual summary is taken from Plaintiff's Verified Complaint, Dkt. no. 1, Defendant's Statement of Material Facts and Plaintiff's response thereto, Dkt. nos. 18-8, 24-6, and attachments to Defendant's Motion for Summary Judgment and Plaintiff's Response in Opposition, Dkt. nos. 18-2 to 18-7 and 24-2 to 24-5.

### A. Sentence of Probation

On May 6, 2009, Plaintiff Richard Lamar Anderson was sentenced to 12 months' probation by the Brunswick Municipal Court on the charge of driving with a suspended license. Dkt. nos. 18-8, ¶ 1; 24-6, ¶ 1. He was also ordered to pay a $500.00 fine, $150.00 in court costs, and monthly probation supervision fees. Dkt. nos. 18-8, ¶ 1; 24-6, ¶ 1.

### B. Defendant's Supervision of Plaintiff

On May 11, 2009, Plaintiff signed a "Probation Agreement" with Defendant Sentinel Offender Services, LLC agreeing to comply with the terms and conditions of his sentence, including a minimum monthly payment towards satisfaction of fines, court costs, and probation supervisory fees.[1] Dkt. nos. 18-8, ¶ 2; 18-2, at 23, 29, Exs. 2 and 4. Plaintiff completed an information sheet for Sentinel that provided his home address in Brunswick, Georgia, his cell phone number as his primary contact phone number, and three personal contacts. Dkt. nos. 18-8, ¶ 3; 18-2, at 28-29, Ex. 3. Anderson remembers making payments on his sentence and believes that he paid the full amount owed, but he does not recall how much he paid. Dkt. no. 18-2, Ex. A, at 29-31.

---

[1] Plaintiff denies this allegation, and various other allegations in Defendant's Statement of Material Facts. Dkt. no. 24-6, ¶¶ 1, 2-3, 5-26, 29-32. However, Plaintiff does not properly address Defendant's assertions of fact by citing to particular materials in the record, as required by Federal Rule of Civil Procedure 56(c) and Local Rule 56.1.

### 1. First Arrest for Violation of Probation Terms

Adrianna Garcia was assigned as Plaintiff's probation officer in connection with his misdemeanor sentence. Dkt. nos. 18-8, ¶ 4; 24-6, ¶ 4. On June 11, 2009, Sentinel's automated calling system left a phone message for Plaintiff at the cell phone number provided by Plaintiff as his primary contact phone number, advising him of his appointment to report for probation on June 12, 2009. Dkt. nos. 18-8, ¶ 5; 18-3, ¶ 6. Plaintiff does not recall receiving any messages. Dkt. no. 18-2, at 33. Plaintiff failed to report on June 12, 2009. Dkt. nos. 18-8, ¶ 6; 18-3, ¶ 6. However, Anderson contends that at some point Garcia told him that he was through with his case, and that she "couldn't even find [his] case anymore." Dkt. no. 18-2, Ex. A, at 32, 34.

On June 15, 2009, a letter was sent to Plaintiff at his home address in Brunswick, Georgia requesting that he report on June 19, 2009, at 9:00 a.m. with a payment in the amount of $150.00 in accordance with the terms of his probation. Dkt. nos. 18-8, ¶ 7; 18-3, ¶ 7. Plaintiff failed to report on June 19, 2009, but denies that he received any notices in the mail saying that he failed to report. Dkt. nos. 18-8, ¶ 8; 18-2, Ex. A, at 33-34; 18-3, ¶ 8.

On July 8, 2009, Garcia completed an attestation of facts in support of a warrant for the arrest of Plaintiff, which she

signed in the presence of an officer authorized to administer oaths in Georgia. Dkt. nos. 18-8, ¶ 9; 18-3, ¶ 10; 18-4. Garcia says that she signed the attestation of facts in support of the Warrant for the Arrest of Probationer not to harm or injure Plaintiff or because of malice, but because Plaintiff repeatedly violated the conditions of his probation and was unresponsive to her efforts to contact him after he failed to report as directed. Dkt. nos. 18-8, ¶¶ 10, 30; 18-3 ¶, 11. The July 8, 2009 Warrant for Arrest of Probationer prepared and signed by Garcia stated that Plaintiff violated the conditions of his probation by failing to report as directed, was $218.00 in arrears in fines and court costs, and was $88.00 in arrears in probation supervision fees. Dkt. nos. 18-8, ¶ 11; 18-4. On July 8, 2009, the Municipal Court Judge signed a Warrant for the Arrest of Probationer. Dkt. nos. 18-8, ¶ 12; 18-4, Ex. C. The warrant reflected that Anderson's probation was to expire on May 5, 2010. Dkt. nos. 1, ¶¶ 19, 30-31; 18-4, Ex. C, at 2. Yet, the warrant also says, "THIS SENTENCE IS AUTOMATICALLY TOLLED UPON JUDGES [sic] SIGNATURE." Dkt. no. 18-4, Ex. C, at 1. Anderson contends that neither Sentinel nor the Brunswick Municipal Court entered the tolling orders. Dkt. no. 26, at 2.

On February 11, 2011, Plaintiff was arrested for a probation violation based on the warrant issued on July 8, 2009. See Dkt. nos. 1, ¶ 17; 1-1; 1-5; 18-8, ¶ 13; 18-2, at 35-36.

6

Apparently, after the arrest, a law enforcement officer affixed a (now lost) "sticky note" to the warrant, which the Clerk's Office for the Brunswick Municipal Court picked up from the Brunswick Police Department. Dkt. nos. 1, ¶ 20; 24-2, ¶¶ 17-19. The sticky note purportedly said: "Warrant is not good. Expired on 05-05-10. [Signed] Sgt. A. Carter." Dkt. nos. 1, ¶ 20; 1-2; 24-2, ¶ 17; 24-5. Further, Anderson says that an officer told him, "I don't know why they picked you up." Dkt. no. 18-2, Ex. A, at 36.

Plaintiff alleges that he was released from detention on February 12, 2011, "after [the detention center] learn[ed] of the nullity of the probation warrant." Dkt. no. 1, ¶ 21. Purportedly, a "lady" told him, "[H]oney, we're going to have to turn you loose because your warrant was expired. The warrant—it is no good, so we're going to have to turn you loose. You're scot-free." Dkt. no. 18-2, Ex. A, at 36-37. According to Plaintiff, his probation had ended nine months and six days before his arrest. Dkt. no. 1, ¶ 30. Plaintiff failed to appear at a revocation hearing on February 16, 2011, because he was never told to appear. Dkt. nos. 18-2, Ex. A, at 39-40; 18-8, ¶ 14; 18-5, ¶ 5.

Michelle Mahas was employed by Defendant and assigned as Plaintiff's probation officer as of February 16, 2011. Dkt. no.

18-5, ¶ 3. On March 10, 2011, Defendant says that Plaintiff called Mahas to inquire about the status of the warrant issued on July 8, 2009, while Plaintiff contends that Defendant initiated contact to demand that he report to probation and sign new probation documents, which Plaintiff says "would illegally extend [his] probation." Dkt. nos. 1, ¶ 22; 18-8, ¶ 15; 18-5, ¶ 6. He advised her that he was never told to appear for the revocation hearing on February 16, 2011, and was released from jail prior to the hearing. Dkt. nos. 18-8, ¶ 15; 18-5, ¶ 6. Mahas informed him that there was no outstanding warrant, but that it was important for him to report and address his probation. Dkt. nos. 18-8, ¶ 16; 18-5, ¶ 6. Although Defendant says Plaintiff agreed to report on March 15, 2011, Plaintiff claims that he refused to report to the probation office because the warrant had no effect and his probation had expired, which he "reminded" Defendant about. Dkt. nos. 1, ¶¶ 22-25; 18-8, ¶ 17; 18-5, ¶ 6. Nevertheless, "Defendant continued to insist that [Plaintiff] comply" with its illicit order. Dkt. no. 1, ¶ 25. According to Plaintiff, "[n]either the sentencing court nor Defendant had any authority to extend Mr. Anderson's probation beyond the original [12] month sentence." Dkt. no. 1, ¶ 26.

## 2. Second Arrest for Violation of Probation Terms

Plaintiff failed to report to his probation officer on March 15, 2011. Dkt. nos. 18-8, ¶ 18; 18-5, ¶ 7. Plaintiff was contacted at the cell phone number previously provided and a voice mail message was left requesting that he contact Sentinel. Dkt. nos. 18-8, ¶ 19; 18-5, ¶ 7. The other phone numbers provided as personal contacts by Plaintiff were called but determined to be invalid. Dkt. nos. 18-8, ¶ 19; 18-5, ¶ 7.

On April 5, 2011, a letter was sent to Plaintiff at his designated home address in Brunswick, Georgia requesting that he report on April 19, 2011, with a payment in the amount of $150.00 in accordance with the terms of his probation. Dkt. nos. 18-8, ¶ 20; 18-5, ¶ 8. Plaintiff failed to report on April 19, 2011 as directed. Dkt. nos. 18-8, ¶ 21; 18-5, ¶ 9.

On May 4, 2011, Mahas completed an attestation of facts in support of a warrant for the arrest of Plaintiff, which she signed in the presence of an officer authorized to administer oaths in Georgia. Dkt. nos. 18-8, ¶ 22; 18-5, ¶ 11; 18-6. Mahas says that she signed the attestation of facts in support of the Warrant for the Arrest of Probationer not to harm or injure Plaintiff or because of malice, but because Plaintiff repeatedly violated the conditions of his probation and was unresponsive to her efforts to contact him after he failed to report as directed. Dkt. nos. 18-8, ¶¶ 23, 31; 18-5, ¶¶ 10, 12. The May 4,

AO 72A
(Rev. 8/82)

2011 Warrant for Arrest of Probationer prepared and signed by Mahas stated the Plaintiff violated the conditions of his probation by failing to report as directed, was $650.00 in arrears in fines and court costs, and was $264.00 in arrears in probation supervision fees. Dkt. nos. 1-3; 18-8, ¶ 24; 18-6.

On May 4, 2011, Judge Nathan Williams of the Brunswick Municipal Court signed the Warrant for the Arrest of Probationer. Dkt. nos. 18-8, ¶ 25; 18-6. Plaintiff contends that this second warrant was also illegal, and Defendant's petition was successful "[d]espite knowing that it could not enforce the first probation warrant." Dkt. no. 1, ¶ 27. On August 19, 2011, Plaintiff was arrested for a probation violation based on the May 4, 2011 warrant. See Dkt. nos. 1, ¶ 28; 18-8, ¶ 26; 18-2, at 40-41. Plaintiff was incarcerated in the Glynn County Detention Center on August 19, 2011, and released on August 24, 2011. Dkt. nos. 1, ¶ 29; 18-8, ¶ 27; 24-6, ¶ 27. Plaintiff asserts that his release was based on "a second determination of the second probation warrant's invalidity," and that his probation had expired 1 year, 3 months, and 14 days before the arrest. Dkt. no. 1, ¶¶ 29, 31.

Plaintiff appeared at a revocation hearing before Judge Nathan Williams on August 24, 2011. Dkt. nos. 18-8, ¶ 28; 24-6, ¶ 28. At the revocation hearing, the Court found Plaintiff violated the terms and conditions of probation and ordered that

he was to receive credit for time served and terminated him from probation, thereby crediting all his unpaid court ordered monies, fees, and unfulfilled conditions. Dkt. nos. 18-8, ¶ 29; 18-7. However, Plaintiff contends that he was released because the detention center determined that the second probation warrant was invalid. See Dkt. no. 1, ¶ 29. He does not recall ever being told that he violated the terms of his probation. Dkt. no. 18-2, Ex. A, at 45.

### 3. Plaintiff's Understanding of Obligations for Probation

Plaintiff understood that he would have to report to his probation officer and pay a probation fee as part of his sentence. Dkt. nos. 18-8, ¶ 32; 18-2, at 23. Plaintiff was familiar with the process of probation, as he had been placed on probation in connection with previous criminal charges. Dkt. nos. 18-8, ¶ 34; 24-6, ¶ 34. Prior to the August 2011 incarceration, Plaintiff had been jailed at least three times and served a year in the detention center in Brunswick for possession of drugs. Dkt. nos. 18-8, ¶ 27; 24-6, ¶ 27.

Plaintiff contends that he made some payments in accordance with his sentence "a couple of times" but could not recall how much he paid or whether he paid the balance of court costs, fines, and probation fees as ordered by the Court. Dkt. nos. 18-8, ¶ 34; 24-6, ¶ 34. Plaintiff admitted that he did not report

AO 72A
(Rev. 8/82)

to his probation officer at any time between February 11, 2011, and August 19, 2011. Dkt. nos. 18-8, ¶ 35; 24-6, ¶ 35.

**C. Procedural Background**

On February 7, 2013, Plaintiff filed a Complaint against Defendant. Dkt. no. 1. Plaintiff seeks relief against Defendant for false arrest (Count 1), malicious arrest (Count 2), malicious prosecution (Count 3), intentional infliction of emotional distress (Count 4), and false imprisonment (Count 5). Dkt. no. 1, ¶¶ 36-100.

On August 29, 2013, Defendant filed a Motion for Summary Judgment. Dkt. no. 18. Defendant's motion has been fully briefed. Dkt. nos. 18-1; 24-1; 26; 27.

On March 29, 2014, the Court stayed the action pending the Georgia Supreme Court's ruling in <u>Sentinel Offender Services, LLC v. Glover, et al</u> (2013 RCCV155).[2] Dkt. no. 30. The Georgia Supreme Court filed its opinion in that case on November 24, 2014. <u>See</u> <u>Sentinel Offender Srvs., LLC v. Glover</u>, 766 S.E.2d 456 (Ga. 2014). The parties have since supplemented their briefs accordingly. Dkt. nos. 36; 37; 41; 43.

---

[2] The Court's prior Order referred to this case as <u>Mantooth v. Sentinel Offender Services, LLC</u>. <u>See</u> Dkt. no. 30. The case concerns appeals and cross-appeals among several probationers, the private, for-profit probation servicing entity, and a county sheriff. Because the case is now reported as <u>Sentinel Offender Srvs., LLC v. Glover</u>, 766 S.E.2d 456 (Ga. 2014), the Court will now refer to it by this title.

12

## III. CERTIFICATION

**Sentinel Offender Services v. Glover: Tolling of Privately Supervised Misdemeanor Probation is not Authorized by Georgia Statute—But May be Authorized by Common Law**

Before the Court stayed this action, a central dispute between the parties was whether Georgia's State-wide Probation Act, Ga. Code Ann. §§ 42-8-22 et seq., authorized courts to toll probated misdemeanor sentences supervised by private entities under contract with the court or the county pursuant to Georgia Code section 42-8-100(g). Under section 42-8-36, the running of a probated sentence "shall" be tolled upon either (a) the probationer's failure to report to a probation supervisor or to appear in court, or (b) the filing of a return of *non est inventus* or other return to a warrant for violation of the terms and conditions of probation. Ga. Code Ann. § 42-8-36(a)(2). However, under section 42-8-30.1,

> In any county where the chief judge of the superior court, state court, municipal court, probate court, or magistrate court has provided for probation services for such court through agreement with a private corporation, enterprise, or agency or has established a county or municipal probation system for such court pursuant to Code Section 42-8-100, the provisions of this article relating to probation supervision services shall not apply to defendants sentenced in any such court.

Ga. Code Ann. § 42-8-30.1. The parties in this case disputed whether the tolling provision in section 42-8-36 is a provision "relating to probation supervision services." If it is, then

13

there was no statutory authority for the court to toll Plaintiff's probation for violation of his probation terms, and thus the warrants for his arrest may have been invalid absent other authority to toll his sentence. But if the tolling provision in section 42-8-36 somehow escapes section 42-8-30.1's broad exclusion of the State-wide Probation Act's provisions from being applied to privately supervised probated sentences, then Defendant's warrants for Plaintiff's arrests were valid and likely preclude Plaintiff's various claims arising out of his arrests. At least, this is how the Court understood the issue before the Georgia Supreme Court's decided <u>Glover</u>.

The Georgia Supreme Court held that the tolling provision in Georgia Code section 42-8-36 is one of the provisions that section 42-8-30.1 precludes from being applied to privately supervised probated sentences. <u>Glover</u>, 766 S.E.2d at 469. The Court stated, "We agree with the trial court that under current Georgia statutes, the tolling of a misdemeanor probationer's sentence is not permitted." <u>Id.</u> Courts utilizing probation supervision systems established under Georgia Code section 42-8-100(g)(1), then, are precluded from applying the provisions of the State-wide Probation Act, "including those pertaining to tolling, to the defendants they sentence and we find no other grounds for such activity under Georgia statutory law." <u>Id.</u> "To the extent Georgia courts have recognized OCGA § 42-8-36 as a

AO 72A
(Rev. 8/82)

basis for allowing courts utilizing probation systems established pursuant to OCGA § 42-8-100(g)(1) to toll a probationer's sentence, such analysis was in error and hereby is disapproved." Id. at 470.

Thus, the Georgia Supreme Court definitively answered a question raised by the parties: Georgia statutory law *does not* authorize the tolling of a probationer's misdemeanor sentence if it is supervised by a private entity, as is the case here. However, in answering one central question, the Georgia Supreme Court raised another:

> About tolling, we decide only that no provision of the Code upon which [the defendants] rely in this case, including OCGA § 42-8-36, authorized the tolling of misdemeanor probation sentences. We have no occasion here to consider whether such tolling might be permissible as a matter of common law, see Anderson v. Corall, 263 U.S. 193 . . . (1923), and if so, whether the common law in this respect has been abrogated by legislation. The parties have not briefed those questions, and we, therefore, do not decide them.

Id. at 470 n.25.

In light of Glover's holding, two questions remain regarding whether Defendant properly sought to toll Plaintiff's probated sentence: (1) is such tolling authorized under Georgia common law and, if so, (2) did the State-wide Probation Act abrogate that authority?[3] The Clayton County State Court's

---

[3] In addition to potential common law sources for tolling authority, Defendant asks the Court to examine provisions of the Georgia Code outside of the State-wide Probation Act as potential sources for tolling authority. See Dkt. no. 39, pp. 8-11 ("The Georgia Supreme Court . . . failed to give proper

decision in State v. Doyle, 2012CR-07508 (Clayton Cnty. St. Ct. Dec. 18, 2014) (available at Dkt. no. 38), is the only other analysis of these questions since the Georgia Supreme Court's holding in Glover, to this Court's knowledge.[4] However, neither the Georgia Supreme Court nor the Georgia Court of Appeals has addressed these questions, and this motion therefore hinges on an issue of Georgia law for which no clear, controlling precedent exists.

"When substantial doubt exists about the answer to a material state law question upon which the case turns, a federal court should certify that question to the state supreme court in order to avoid making unnecessary state law guesses and to offer the state court the opportunity to explicate state law." Forgione v. Dennis Pirtle Agency, Inc., 93 F.3d 758, 761 (11th Cir. 1996). See also FCCI Ins. Co. v. McLendon Enters., Inc.,

---

effect to other Georgia statutes that provide a basis for sentencing courts to toll misdemeanor probation."). The Georgia Supreme Court could not have been more clear when it stated that the tolling provisions of the State-wide Probation Act do not apply to supervision systems established pursuant to Georgia Code section 42-8-100(g)(1), "and we find *no other* grounds for such activity under Georgia statutory law. Unlike the statutes governing the supervision of felony probationers by the state DOC, there is *no statute* governing misdemeanor probationers which specifically authorizes the tolling of a probationer's sentence." Glover, 766 S.E.2d at 469 (emphasis added). Because "the final arbiter of state law is the state supreme court," this Court will not second-guess the Georgia Supreme Court's interpretation of Georgia statutory law. Blue Cross & Blue Shield of Ala., Inc. v. Nielsen, 116 F.3d 1406, 1413 (11th Cir. 1997); see also Riley v. Kennedy, 553 U.S. 406, 425 (2008) ("A State's highest court is unquestionably 'the ultimate exposito[r] of state law,'" and a state's highest court's prerogative to say what the state's law is "merits respect in federal forums.").
[4] The defendant in State v. Doyle appealed the State Court's decision. The Georgia Court of Appeals did not reach the merits of the case, and dismissed the appeal for the Defendant's failure to follow proper appellate procedure. Doyle v. State, A15A1337 (Ga. Ct. App. March 30, 2015).

AO 72A
(Rev. 8/82)

573 F. App'x 919, 920 (11th Cir. 2014), certified question answered, 772 S.E.2d 651 (Ga. 2015). Accordingly, pursuant to Georgia Code Section 15-2-9(a), this Court respectfully certifies the following questions to the Supreme Court of Georgia:

1. Is Tolling Authorized For Privately Supervised Misdemeanor Probated Sentences Under Georgia Common Law?
2. And, If So, Has The Common Law Rule That Allows Tolling of Misdemeanor Probated Sentences Been Abrogated By The State-Wide Probation Act?

The phrasing of these questions is merely suggestive and does not restrict the scope of the Court's inquiry. FCCI Ins. Co., 573 F. App'x at 921; see also Amend v. 485 Props., LLC, 409 F.3d 1288, 1289 (11th Cir.2005). The Clerk is hereby **ORDERED** to transmit the entire record to the Georgia Supreme Court to assist its consideration of this case. Infinity Gen. Ins. Co. v. Reynolds, 570 F.3d 1228, 1232 (11th Cir. 2009) certified question answered, 287 Ga. 86, 694 S.E.2d 337 (2010); see also DeKalb Cnty. Sch. Dist. v. Ga. State Bd. of Educ., No. 1:13-CV-544-RWS, 2013 WL 1137017 (N.D. Ga. Mar. 15, 2013) certified question answered, 294 Ga. 349, 751 S.E.2d 827 (2013),

AO 72A
(Rev. 8/82)

reconsideration denied (Dec. 11, 2013).

**QUESTION CERTIFIED**, this 3rd day of August, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA